Argued 14 November; decided 11 December, 1899.

## DILLERY *v.* BORWICK.

[59 Pac. 183.]

REPLEVIN—EVIDENCE—ADMISSIBILITY.—Where a complaint in replevin alleges that plaintiff was the owner of the property on and after a certain date, and the answer denies that he has been the owner since such date, evidence that he executed a bill of sale of a part of the property prior to such date is inadmissible, since the denial in the answer is an admission that he was the owner on the date, under Hill's Ann. Laws, § 94, providing that every material allegation of the complaint not specifically denied by the answer shall, for the purpose of the action, be taken as true: *Simonds* v. *Wrightman,* 36 Or. 120, applied.

From Washington : ALFRED F. SEARS, JR., Judge.

Action by Joseph Dillery against John Borwick to recover the possession of a span of horses, wagon, and harness, and a colt, or their value in case delivery cannot be had, and damages for their detention. It is alleged in the complaint that on August 2, 1896, plaintiff was, ever since has been, and now is, the owner and entitled to the possession of said property; that defendant secured a judgment against plaintiff, and caused an execution to be issued thereon, in pursuance of which the sheriff, on August 2, 1896, levied upon this property; that at the time it was so seized it was exempt from execution, of which fact plaintiff at that time notified the sheriff, and demanded a release of the property, but the latter refused to surrender it, and, on August 22, 1896, sold it to the defendant. The answer denies "that at any time since the second day of August, 1896, the plaintiff has been the owner of, or entitled to the possession of, the property described in plaintiff's complaint, or any part thereof," and, after denying the other material allegations of the complaint, avers that defendant secured a judgment against plaintiff in the County Court of Washington County for the sum of $80; that an execution was issued on this judgment; that the sheriff of said county, by virtue thereof, seized the property in question, and at its sale defendant became the purchaser, in consequence of which he is entitled to the possession thereof. Issue having been joined by the reply, a trial was had, resulting in a judgment for defendant, and plaintiff appeals.

REVERSED.

For appellant there was a brief over the name of *X. N. Steeves*, with an oral argument by *Mr. Martin L. Pipes.*

For respondent there was a brief over the names of *Thos. H. & E. B. Tongue* and *Samuel B. Huston*, with an oral argument by *Mr. Thos. H. Tongue.*

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

It is contended that the court erred in permitting defendant to offer in evidence a bill of sale of a part of this property, executed by plaintiff prior to such seizure.    It appears from the bill of exceptions that prior to August 2, 1896, plaintiff executed an instrument purporting to be a bill of sale of a part of the property in question, to Messrs. Sampson, Horton, and Ramsby.    Defendant's counsel, upon the cross-examination of plaintiff, propounded to him the following questions, in reference to the bill of sale : ''Did you deliver that to Horton and Ramsby?    A. He had it in his office.    Q. After you signed it, he kept it?    A. It remained there on the desk ; yes, sir.''    The defendant's counsel then offered the bill of sale in evidence, as the bill of exceptions recites, ''for the purpose of showing title out of the plaintiff.''    Plaintiff's counsel thereupon asked the witness, ''Was this given as an absolute transfer of the property or as security?'' to which, without objection, he replied, ''As security.''    His counsel objected to the introduction of the bill of sale, but, the objection being overruled, it was received in evidence, and an exception to the court's action in this respect was reserved.    The complaint having alleged that plaintiff was the owner of this property on and after August 2, 1896, the denial in the answer to which attention has been called is tantamount to an admission that he was the owner of it on that day :    Hill's Ann. Laws, § 94 ;    1 Enc. Pl. & Prac. 789.    The ultimate fact was plaintiff's ownership and right of possession after the property was levied upon, and the probative facts in issue upon which the ultimate fact depended were that the property was not exempt from execution, and that plaintiff had not, prior to the sale thereof, selected and reserved it as such.    Whatever the rule may be in relation

36 OR.—17.

to the introduction of evidence under the general issue tending to defeat a plaintiff's right in actions of this character by showing title to the property in controversy in a third person, it can have no application to the case at bar, for there is no issue in relation to the ownership and right of possession prior to August 2, 1896, defendant admitting that prior to the seizure plaintiff was the owner, and predicating his right of possession upon the judgment execution and the seizure and sale of the property thereunder. ₂Issues are framed to enable the court to see the point in dispute, and to advise the parties what they would reasonably be expected to attack or defend at the trial. If evidence be offered of which the opposite party had no intimation beforehand, its introduction against him would be taking him by surprise, and at a disadvantage, to prevent which the rule is universal that evidence shall correspond with the substance of the material allegations, and be relevant to the questions in dispute : Chamberlayne's Best, Ev. § 252 ; Hill's Ann. Laws, § .704. The defendant having admitted, in his answer, plaintiff's ownership of the property on August 2, 1896, it is reasonable to suppose that the latter could have had no intimation beforehand that evidence would be produced tending to controvert this admission, and its introduction must have been a surprise to him, for, if he was the owner of the property at the time it was levied upon, it was immaterial whether he had executed a bill of sale of any part thereof prior to that time. Plaintiff's ownership at the time of the seizure of the property having been established by the pleadings, the court erred in permitting the defendant to controvert the admissions in his answer by introducing the bill of sale in evidence : *Simonds* v. *Wrightman*, 36 Or. 120 (58 Pac. 1100). It follows that the judgment is reversed, and the cause remanded for a new trial.          REVERSED.